**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No. 127199

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH GRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>YE f/k/a KANYE WEST,<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elijah Graham ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Ye f/k/a Kanye West ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringements under the Copyright Act, 17 U.S.C §501.

2. Plaintiff is a volunteer event planner at the Los Angeles Mission.

3. Defendant is a rapper, singer, songwriter, record producer, and fashion designer that owns and operates the Instagram account @kanyewest (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Elijah Graham is an individual who is a citizen of the State of California and resides in Los Angeles County, California.

6. Upon information and belief, Defendant Ye f/k/a Kanye West, is an individual who is a citizen of the State of California and resides at 24877 Eldorado Meadow Road, Hidden Hills in Los Angeles County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because he is a resident and citizen of California.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

# FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

10.     Plaintiff is an event planner volunteer at the Los Angeles Mission who is the legal and rightful owner of a certain video taken by him at an event at the Mission.

11.     Plaintiff has obtained an active and valid copyright registration from the United States Copyright Office (the "*USCO*") which cover Plaintiff's video.

12.     Plaintiff's videos is an original, creative work in which Plaintiff owns protectable copyright interests.

13.     On November 24, 2021, Plaintiff authored a Video of Defendant speaking at a Thanksgiving event at the Los Angeles Mission (the "*Video*"). A copy of a screenshot of the *Video* is attached hereto as Exhibit 1.

14.     In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video.

15.     On October 28, 2022, the Video was registered by the USCO under Registration No. PA 2-384-183.

16.     Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

17.    Defendant is the operator of the Account and is responsible for its content.

18.    The Account is a part of and used to advance Defendant's commercial enterprise.

19.    The Account is monetized in that advertises Defendant's fashion brand and music and, upon information and belief, Defendant profits from these activities.

20.    On or about November 25, 2021, Defendant displayed the Video on the Account as part of an on-line post at URL https://www.instagram.com/reel/CWs7gAyjIa_/ (the "*Infringement*"). A copy of a screengrab of the Account including the Video is attached hereto in Exhibit 2.

21.    Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video on the Account.

22.    Plaintiff first observed and actually discovered Infringement on November 26, 2021.

23.    Upon information and belief, Plaintiff's Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized use set forth above are referred to as the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringements. *17 U.S.C. §106(5).*

25. The Infringement is an exact copy of Plaintiff's original video that was directly copied and displayed by Defendant on the Account.

26. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

27. Upon information and belief, the Videos were willfully and volitionally posted to the Account by Defendant.

28. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

29. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

30. Upon information and belief, Defendant engaged in the Infringement

knowingly and in violation of applicable United States copyright laws.

31. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

32. Upon information and belief, Defendant monitors the content on its Account.

33. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

34. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase its revenues.

35. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Account.

36. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

38. Defendant's use of the Video harmed the actual market for the Video.

39. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

40. As a result of Defendant's misconduct, Plaintiff has been substantially

harmed.

# FIRST COUNT

### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

41. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

42. The Video is an original, creative works in which Plaintiff owns a valid copyright.

43. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

44. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

47. Upon information and belief, Defendant willfully infringed upon Plaintiff's Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven.

49. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in

and to the Video by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for pre-judgment interest as permitted by law; and

e. for any other relief the Court deems just and proper.

DATED: October 24, 2023

**SANDERS LAW GROUP**

By: __/s/ Jacqueline Mandel__
Craig B. Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.group
File No.: 127199

*Attorneys for Plaintiff*